**GONZOLEZ v. UNITED STATES.**

No. 50136.

United States Court of Claims.

Decided July 15, 1952.

Hamilton Seeley, Washington, D. C. (Mayer, Rigby & Seeley, Washington, D. C., on the brief), for plaintiff.

S. R. Gamer, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen. (Thomas O. Fleming, Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

On May 4, 1951, plaintiff filed suit to recover $57,775 from the United States, which represents the alleged value of food, medicine, and money furnished by him without a formal contract to the 80th Squadron Guerrilla in the Philippine Islands during the period between September 1942 and January 1945. Plaintiff alleges that he was requested to furnish this aid by one Victorino Dazon who had been duly authorized by competent authority of the Army of the United States to secure supplies for the 80th Squadron Guerrilla. Plaintiff further alleges that the 80th Squadron Guerrilla was, as of July 3, 1942, recognized as an authorized unit of the Philippine Army, which Army had been called into the service of the Army of the United States. In addition, plaintiff's petition states that on February 14, 1948, plaintiff submitted a claim for reimbursement to the Contract Claims Commission No. 57, Headquarters Philrykom, which claim was denied in its entirety on May 11, 1949. Thereafter, on February 17, 1950, plaintiff filed a claim for the identical amount with the Department of the Army pursuant to Section 17(a) of the Contract Settlement Act of 1944, 58 Stat. 649, 665, 41 U.S.C.A. § 117(a), and following its denial on March 6, 1950, plaintiff appealed to the Appeal Board of the Office of Contract Settlement on April 27, 1950. The Appeal Board rejected plaintiff's claim on February 7, 1951, whereupon plaintiff instituted this action.

Defendant has moved, pursuant to Rule 16(b) of this court, 28 U.S.C.A. to dismiss plaintiff's petition on two grounds. First, defendant insists that plaintiff's claim is barred by the Statute of Limitations, 28 U. S.C. (Supp. IV) § 2501, 62 Stat. 976. Second, defendant argues that plaintiff's claim for the value of goods furnished to the guerrilla unit is not a claim against the United States, and hence not within the jurisdiction of this court, but rather, that as this court pointed out in Victorio v. United States, 91 F.Supp. 748, plaintiff's claim is at most against the Government of the Republic of the Philippines.

Plaintiff insists that inasmuch as this action is predicated upon the existence of an informal contract within the meaning of Section 17(a) of the Contract Settlement Act of 1944, supra, it is subject to the specific Statute of Limitations contained in Section 13(d) of this Act, 41 U.S.C.A. § 113 (d), rather than to this court's general Statute of Limitations contained in Section 2501 of Title 28, supra. Section 17(a), upon which plaintiff bases his cause of action, provides as follows:

"Where any person has arranged to furnish or furnished to a contracting agency or to a war contractor any materials, services, or facilities related to the prosecution of the war, without a formal contract, relying in good faith upon the apparent authority of an officer or agent of a contracting agency, written or oral instructions, or any other request to proceed from a contracting agency, the contracting agency shall pay such person fair compensation therefor."

Section 13(d) of the Contract Settlement Act provides that if the war contractor is aggrieved by the decision of the Appeal Board of the Office of Contract Settlement he may, within 90 days after its determination, bring suit on his claim in this court. Plaintiff's claim was rejected by the Appeal Board, Office of Contract Settlement, on February 7, 1951, OCS No. 351. As plaintiff's petition was filed in this court on May 4, 1951, which was less than 90 days after

the Appeal Board's action thereon, it is not subject to the defense of the Statute of Limitations.

■ Even if plaintiff were in the future to amend the basis of his suit to rely upon a theory of an implied promise by the United States Government to pay for materials furnished to its agents, rather than upon Section 17(a) of the Contract Settlement Act, his petition would be timely under our decision in Marcos v. United States, 102 F. Supp. 547, reaffirmed this day, 106 F.Supp. 172. We there concluded that the war with Japan suspended the normal operation of the Statute of Limitations, that the suspension was lifted by the formal surrender of Japan on September 2, 1945, and that Filipino claimants, like plaintiff, whose causes of action accrued after the outbreak of the war had six years thereafter, or until September 2, 1951, within which to commence their actions. Plaintiff's petition was filed on May 4, 1951, well within the six-year period.

■ Defendant's second ground for the motion to dismiss must also fail. It is true, as defendant has pointed out, that we held in our July 10, 1950 decision in Victorio v. United States, supra, that a claim arising out of the procurement of supplies by a guerrilla organization in the Philippine Islands during the period of Japanese occupation was not a claim against the United States, and hence was not within our jurisdiction. However, on the basis of plaintiff's motion for a new trial in the Victorio case, we have this day vacated our original decision and have now concluded that because recognized Philippine guerrilla units had been incorporated into the Philippine Army, which Army had been called into the service of the Army of the United States, any requisitions of materials made by such recognized Philippine guerrilla units in the service of the Army of the United States were for and on behalf of the United States and constitute an obligation of our Government. This decision also disposes of defendant's argument as to the jurisdiction of this court over the instant claim against the United States for the supplies allegedly furnished to the 80th Squadron Guerrilla.

We conclude that defendant's motion to dismiss must be denied, and that plaintiff is entitled to present proof of the merits of his claim. It is so ordered.